D. H. McGhee and Oral Mae McGhee v. Commissioner.
McGhee v. Commissioner
Docket No. 60905.
United States Tax Court
T.C. Memo 1957-248; 1957 Tax Ct. Memo LEXIS 6; 16 T.C.M. (CCH) 1145; T.C.M. (RIA) 57248; December 31, 1957
*6 Held, upon the facts, that during the taxable years 1952 and 1953, petitioner did not carry on farming operations with the intent of making profit, that he was not engaged in a trade or business of farming, and that, therefore, loss sustained in each year is not deductible. John Wiseman, C.P.A., 1219 Chapline Street, Wheeling, W. Va., for the petitioners. Clarence C. Roby, Esq., for the respondent. HARRON Memorandum Findings of Fact *7 and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for the taxable years 1952 and 1953 as follows: Year
Deficiency
1952
$2,134.78
1953
2,054.28
The only issue is whether losses sustained in the operation of a farm, in the amounts of $3,098.94 and $3,935.88, for the years 1952 and 1953, respectively, are deductible under section 23(e)(1), 1939 Code. The petitioners do not contest other determinations of the respondent. Findings of Fact The petitioners reside in Belmont, Ohio. They filed joint income tax returns for the years 1952 and 1953 with the collector of internal revenue for the eighteenth district of Ohio. The issue presented relates only to D. H. McGhee. He is referred to hereinafter as the petitioner. In 1909, when he was 22 years of age, petitioner was employed as a salesman by the Toledo Scale Company, by which he was continuously employed for about 43 years, until sometime in 1952 or 1953 when he retired at the age of 65. Prior to retirement, petitioner was a zone manager having over 200 employees under his supervision. Petitioner lived on a farm in Ohio during his early years. At the age of 16 he undertook *8 the operation of his grandmother's farm, which he continued for 4 years. When he was 20 years old he obtained a job with a wholesale grocery concern which he had for 2 years until he was employed by Toledo Scale Company. In 1942 petitioner purchased 41 and a fraction acres of land, out of the "Watson Estate," in Union township, Belmont County, Ohio, which had frontage on U.S. Route 40. In 1947 he purchased 22 acres adjoining and at one side of the 41 acres. In 1952 he acquired an additional 25.9 acres which also adjoined his original purchase of 41 acres, and this parcel was on the side opposite the side adjoining the 22 acres acquired in 1947. The purchases in 1947 and 1952 protected the site purchased in 1942. The three purchases totaled over 88 acres which had a frontage of 3,000 feet along Route 40 and a depth of 1,800 feet. Petitioner cleared the acreage of overgrowth and had tests made of the soil by the Ohio State University laboratory. The soil was fertilized in accordance with the laboratory's recommendations, and a grass cover crop was planted. Later the grass was cut and left on the land as a mulch. Petitioner hired a farmer to do the above work. In 1944 petitioner *9 built a small 12 by 24 feet frame, tool house on the 41 acres purchased in 1942. In 1946 he put up three, small, prefabricated houses, two of which were 12 by 32 feet, and one was 12 by 24 feet. These three buildings were located near the tool house. In 1950 petitioner joined together the four small buildings by adding some construction to them to provide living room and dining room areas. The tool house was converted into a kitchen. By joining together the 4 small buildings a 5-room house was arranged with a basement in which a furnace and a laundry were located. The cost of the construction which was done in 1950 amounted to $16,500. Petitioner and his wife used the small buildings for summer occupancy before 1950. In 1950 they made the 5-room house their year 'round residence in which they have continued to live. At some time petitioner made a lake on his property. It was located near the 5-room house. In 1950 petitioner started the construction of a fifth building, 30 by 40 feet, having 2 stories. The building was completed in 1954. It was constructed for the storage of machinery. During the years 1949-1953, petitioner purchased five pieces of farm equipment, as follows: *10 He bought a tractor in 1949 for $1,261 which he traded in 1953 for another tractor which cost $1,850. In 1951 he bought attachments costing $349 for the tractor acquired in 1949. In 1950 he bought an auxiliary tractor for $358, and in 1951 he bought a secondhand, half-ton truck for $672.50. During the taxable years 1952 and 1953 petitioner did not carry on any farming operations from which he realized income other than the following: He sold hay in 1952 for $80. In 1953 he sold eggs for $33, and sunflower seeds for $8. In 1952 petitioner produced some vegetables, fruit, poultry, and eggs which he and his family consumed. In 1953, petitioner produced poultry for domestic consumption. In both years petitioner devoted some of the wood on his property to domestic use. In 1954 petitioner purchased some cattle from which he developed a herd of 35 head by 1956. He sold 18 head of cattle in 1956 and 1957. As of October 1, 1957, petitioner had not, at any time, realized any profit from cattle operations. During the taxable years 1952 and 1953, and at all other times, petitioner paid the expenses of the property in question out of his personal checking account. However, he kept a separate *11 record of such expenditures. In the joint income tax return for 1952, petitioner reported income from earnings and investments in the total, net amount of $32,339.46, after deducting $3,098.94 as loss from operating a farm. He included in the return Form 1040 F, Schedule of Farm Income and Expenses, in which he reported $80 from the sale of hay. To that amount he added $700 as the value of vegetables, fruit, eggs, poultry, and wood produced on his farm, which were consumed by himself and his family. In Form 1040 F petitioner also reported depreciation of so-called farm equipment in the amount of $514.93, and various so-called farm expenses for labor, feed, fertilizer, seeds, taxes, insurance, poultry, tools, and other miscellaneous expenses which aggregated $3,364.01. He computed a loss from farm operations in the amount of $3,098.94, which is the difference between so-called "income" of $780, and total expenses and depreciation of $3,878.94. In determining the deficiency for 1952, the Commissioner disallowed the farm loss of $3,098.94. In the joint return filed for 1953, petitioner reported income as follows: Salary from Toledo Scale Co., $7,685.97, and dividends, interest, *12 and other income in the net amount of $21,660.29, after deducting $3,935.88 as loss from operating a farm, or total income, $29,346.26. He included in the return Form 1040 F, Schedule of Farm Income and Expenses, in which he reported $33 from the sale of 60 dozen eggs, and $8 from the sale of sunflower seeds, or $41 from sales. To that amount he added $398.25 as the value of poultry and wood produced on his farm which he and his family had consumed. He also reported depreciation of so-called farm equipment in the amount of $625.32, and various so-called farm expenses of $3,749.81 for labor, feed, seeds, fertilizer, repairs, material for fences, taxes, and other expenses. In this way he computed deductions for farm operations of $4,375.13, and a loss from such operations of $3,935.88, the difference between the so-called income of $439.25 and total deductions of $4,375.13. In determining the deficiency for 1953, the Commissioner disallowed the farm loss of $3,935.88. Petitioner did not realize any profit from farm operations in any year prior to 1952. During 1952 and 1953, petitioner did not operate his farm with the intent of making profit, and he was not engaged in a trade or *13 business of farming. The stipulated facts are found as stipulated; they are incorporated herein by this reference. Opinion Whether or not petitioner was engaged in operating a farm for profit or as a trade or business, so as to be entitled to deduct loss from such operations under section 23(e)(1), 1939 Code, is a question of fact under which petitioner has the burden of proof. The respondent has determined that petitioner's activities on his country property during 1952 and 1953 were carried on primarily for personal use and enjoyment and that, therefore, no deductions for loss are allowable. His determination is made under section 24(a)(1) which disallows deductions for personal, living, or family expenses. Upon considering all of the evidence, it is concluded that during the taxable years 1952 and 1953, the petitioner was not engaged in a trade or a business of farming, and that he did not carry on farming operations primarily for profit. The respondent's determinations disallowing the loss deductions are sustained. See ; ; affirming ; ; *14 , affd., , certiorari denied ; , affd., , certiorari denied . Petitioner has failed to establish that in the taxable years his intent and purpose was to operate his farm as a business or for profit. Decision will be entered for the respondent.